

# COMMONWEALTH of VIRGINIA
## Office of the Attorney General

**Jason S. Miyares**
Attorney General

May 23, 2025

202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071
Fax (804) 786-1991
Virginia Relay Services
800-828-1120
7-1-1

Honorable Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re: *Association of American Railroads v. Hudson, et al.*, No. 24-1399.

Dear Ms. Anowi:

Pursuant to Rule 28(j), I write to address two recent Supreme Court of Virginia rulings concerning Virginia Code § 56-16.3, the statute at issue in this case. *Norfolk Southern Railway Co. v. State Corporation Commission, et al.*, No. 240869, ___ Va. ___ (May 22, 2025) (attached as Exhibit A); *CSX Transportation, Inc. v. State Corporation Commission, et al.*, No. 240872, ___ Va. ___ (May 22, 2025) (attached as Exhibit B). The Supreme Court of Virginia held that a crossing of railroad property by "a private, for-profit broadband service provider" was not "for a public use," in violation of Virginia's Takings Clause, Article I, Section 11 of the Virginia Constitution. Ex. A, slip op. 9, 11. The Court further held that Virginia Code § 56-16.3 violates Virginia's Takings Clause because the statute "eliminates" broadband service providers' "constitutionally imposed burden to establish the public use underlying the proposed taking." *Id.* at 8.

Those rulings further underscore the Association's lack of associational standing to raise its as-applied federal claims here. The Supreme Court of Virginia's ruling invalidates many potential applications of the statute on state-law grounds, including any applications involving a taking of railroad property by "a private, for-profit broadband service provider." Ex. A, slip op. 9. By tightly constraining the potential applications of the statute, the rulings make the Association's contentions about problematic applications that could hypothetically occur even more speculative. See Commonwealth Br. 18–19, 23–26, 46–48. Its as-applied claims cannot be brought in a pre-enforcement challenge under associational standing, and instead should be brought by member railroads if and when any problems actually arise with specific

proposed crossings. See *id.* 15–17, 19–21. And the Association cannot establish that "no set of circumstances exists under which the Act would be valid" under federal law, as it must to prevail on its facial claims. *United States v. Salerno*, 481 U.S. 739, 745 (1987); see Commonwealth Br. 25–26.

        Sincerely,

        /s/ Erika L. Maley

        Erika L. Maley
        Solicitor General of Virginia

CC:    Counsel of record via CM/ECF