

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA  •  ASIA PACIFIC  •  EUROPE

TLOSSEATON@SIDLEY.COM
+1 202 736 8427

May 30, 2025

The Hon. Nwamaka Anowi
Clerk of the Court
U.S. Court of Appeals
  for the Fourth Circuit
1100 East Main Street, #501
Richmond, VA 23219

Re:    *Association of American Railroads v. Hudson*, No. 24-1399

Dear Ms. Anowi:

I respond to Appellee Hudson's Rule 28(j) letter (Doc. 46-1). As Hudson acknowledges, the Virginia Supreme Court recently held Virginia Code § 56-16.3 invalid (i) if invoked by "a private, for-profit broadband service provider" and, independently, (ii) because it violates the Virginia Constitution's mandate that condemnors prove public use. While these rulings underscore that § 56-16.3 is an ill-conceived law that raises constitutional problems, they do not undermine this appeal.

*First*—as Hudson agrees—this appeal is not moot. The state court addressed "[a]s applied" challenges by Norfolk Southern and CSX to specific crossings, holding that "the[se] challenged application[s] … violate[]" the state Constitution. *E.g.*, Doc. 46-2 at 1, 9, 11. Thus, the judgments in those cases will not restrain the Commonwealth from trying to effectuate § 56-16.3 in other situations. Moreover, despite the decisions' broader language about the burden of proof, the Commonwealth takes the position here that the statute retains valid applications even under the state court's reasoning. *See* Doc. 46-1 at 1. A live dispute thus persists.

*Second*, Hudson fails in trying to spin a resounding loss in state court into reasons he should win here. That individual railroads *could* (successfully) challenge § 56-16.3 as applied to specific crossings does not suggest that AAR *cannot* challenge it more broadly. *Contra* Doc. 46-1 at 1. None of AAR's legal theories depends on specific "problematic applications," *id.*: ICCTA preempts discriminatory laws in all applications (AAR Br. 30–31); the cumulatively unreasonable burden on railroads arises from the statute itself (*id.* at 43–44; Reply 19); and the statute causes un- or under-compensated takings across the board (AAR Br. 46–60; Reply 21–31). Indeed,

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



The Hon. Nwamaka Anowi
May 30, 2025
Page 2

because the Virginia Supreme Court addressed neither ICCTA preemption nor asso-ciational standing, the district court's egregious errors on those points still require correction here.

Finally, Hudson errs by again citing *Salerno*. Even if AAR failed to plead that § 56-16.3 lacks valid applications, *Salerno*'s facial-challenge test does not dictate "what must be pleaded in a complaint." *Citizens United v. FEC*, 558 U.S. 310, 331 (2010); *see* AAR Br. 60–63; Reply 32–33.

Sincerely,

/s/ *Raymond A. Atkins, Ph.D*

Raymond A. Atkins, Ph.D